**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD WATERS,** | : | **CIVIL NO. 1:CV-04-2497** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **F.W. TENNIS, ET AL.,** | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

Plaintiff, Richard Waters ("Waters"), an inmate incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, filed this civil rights on November 16, 2004. (Doc. 1). Plaintiff is proceeding *via* an amended complaint. (Doc. 47). Presently pending is a motion to dismiss plaintiff's amended complaint pursuant to FED. R. CIV. P. 12(b)(6) filed on behalf of defendants Tennis, Goodman, Walker, Grassmyer and Craig.[1] (Doc. 64). For the reasons set forth below, the motion will be granted in part and denied in part.

**I. Allegations of the Complaint**

Water, at all relevant times, was incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") in the Restricted Housing Unite ("RHU"). On January 30, 2004, he was beaten about the head and face and knocked to the floor by inmate Dealmaida who, according to Waters, had a history of unstable behavior and violent outbreaks. (Doc. 47, pp. 3-4). Waters was transported to Mount Nittany Hospital where he was diagnosed with numerous contusions and bruises to his head and face, a fractured cheek bone, a fractured eye socket and facial lacerations. (Doc. 47, p. 5). He indicates that although he was assured the inmate Dealmaida would be transferred to another institution, on October 25, 2004, he encountered Dealmaida on two separate occasions, in the prison yard and in the cafeteria.

---

[1]Waters incorrectly identifies defendant Craig as "Lt Creig." (Doc. 66, p. 2, n. 3).

Waters alleges that despite having actual knowledge of inmate Dealmaida's behavioral problems, mental disorders that caused violent episodes, and refusal to take his medication, defendant Grassmyer demonstrated reckless indifference by placing him in the same cell as Dealmaida. He also alleges that defendants Grassmyer, Goodman, Walker and Craig acted with reckless indifference in exercising a practice that allowed him to be housed with inmate Dealmaida despite their knowledge of his record of institutional violence. He further alleges that these defendants acted with deliberate indifference in failing to sufficiently allocate security staff throughout the RHU.

With regard to defendant Tennis, plaintiff takes issue with the fact that defendant Tennis promoted a policy that allowed violent inmates to be double-bunked with non-violent inmates in the RHU. He also takes issue with the lack of enforcement of the policy governing the separation of inmates who have been involved in physical altercations.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court

ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III. Discussion**

    A. Eleventh Amendment

State officials are entitled to Eleventh Amendment immunity for claims seeking money damages against them in their official capacities. See Hafer v. Melo, 502 U.S. 21 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Corey v. White, 457 U.S. 85 (1982). Since the Department of Corrections is a state agency, all of its employees, acting in their official capacities, are protected by the Eleventh Amendment. Therefore, to the extent Waters seeks monetary damages from defendants in their official capacities, the motion will be granted.

    B. Failure to Protect Claim

"For an inmate to prevail on an Eighth Amendment failure-to-protect claim, two requirements must be met. First, the prisoner must demonstrate 'that he is incarcerated under conditions posing a

3

substantial risk of serious harm.' [Farmer v. Brennan], 511 U.S. 825, 834, 114 S.Ct. at 1977 [1994]. This element is satisfied when the alleged 'punishment' is 'objectively sufficiently serious.' Id. Second, the prison officials involved must have a sufficiently culpable state of mind. Id. at 838, 114 S.Ct. at 1979 ('[O]ur cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment.'). Specifically, the inmate must show that the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference.' Id." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

Defendants argue that they did not have actual knowledge sufficient to establish deliberate indifference and that Waters' contention that the defendants knew or should have known is insufficient to state a claim.

Plaintiff "charges the defendants for being deliberate [sic] indifferent to a known risk of physical harm by double bunking him with a known violent inmate who was taking daily dosages of phychotropic [sic] medications to cure his violent tendencies and the defendants knew that the inmate was refusing to take any more of his medication and was complaining that he was hearing voices, subsequently, the unmedicated inmate assaulted the petitioner, resulting in a fractured eye socket and crushed cheekbone, *inter alia*, which constituted a [sic] 8th Amend. violation and a state tort for assault & battery." (Doc. 76. P. 2).

In liberally construing the facts of the *pro se* complaint in a light most favorable to Waters, it is concluded that Waters has stated an Eighth Amendment failure to protect claim against the defendants. Consequently, Defendants' motion to dismiss the failure to protect claim will be denied.

C. State law claims

The law is clear that employees of the Commonwealth of Pennsylvania acting within the scope of their duties are entitled to immunity from liability for intentional tort claims under 1 PA.C.S. § 2310, unless they fall within one of the exceptions to sovereign immunity as set forth in 42 PA.C.S. § 8522 (b). [The defense of sovereign immunity shall not be raised to claims for damages caused by: [1] operation of any motor vehicle in the possession or control of a Commonwealth party; [2] acts of health care employees of Commonwealth agency medical facilities or institutions; [3] care, custody or control of personal property in the possession or control of Commonwealth parties; [4] dangerous condition of Commonwealth agency real estate and sidewalks; [5] dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; [6] care, custody or control of animals in the possession of control of a Commonwealth party; [7] sale of liquor at Pennsylvania liquor stores; [8] acts of a member of the Pennsylvania military forces; and [9] administration, manufacture and use of a toxoid or vaccine. 42 PA.C.S. § 8522(b).] Shoop v. Dauphin County, 766 F. Supp. 1327 (M.D.Pa. 1991), aff'd 945 F.2d 396 (3d Cir. 1991); LaFrankie v. Miklich, 152 Pa.Cmwlth. 163, 618 A.2d 1145 (1992). Review of the state law claims against defendants reveals that there is no doubt that defendants were acting within the scope of their duties. Because defendants were acting within the scope of their duties as employees of the Pennsylvania State Department of Corrections, and because none of the exceptions to 42 PA.C.S. § 8522(b) applies in the instant circumstances, we will grant defendants' motion to dismiss Waters' state law tort claims.

**IV. Order**

**AND NOW** this 28th day of July 2006, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion to dismiss (Doc. 64) is GRANTED IN PART and DENIED IN PART.

2. The motion is GRANTED with respect to the monetary claims lodged against defendants in their official capacities and also with respect to the state law tort claims.

3. The motion is DENIED as to the failure to protect claim.

4. Defendants shall file an answer, or appropriate pretrial motion within twenty days of the date of this order.

    S/ Yvette Kane
Yvette Kane
United States District Judge