**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD WATERS,** | : | |
| Plaintiff, | : | Civil Action No. 1:04-CV-2497 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **F.W. TENNIS, ET AL.,** | : | |
| Defendants. | : | |

**MEMORANDUM**

Plaintiff, Richard Waters ("Waters"), an inmate incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 16, 2004, alleging violations of his Eighth Amendment rights.  (Doc. 1.)  Waters is proceeding via an amended complaint.  (Doc. 47.)  Before this Court is Defendant RN Gerald Hartman's ("Hartman") motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]  (Doc. 89.)  For the reasons set forth below, the motion will be denied.

**I. Allegations of the Complaint**

Waters, at all relevant times, was incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") in the Restricted Housing Unit ("RHU").  On January 30, 2004, he was beaten about the head and face and knocked to the floor by inmate Dealmaida who, according to Waters, had a history of unstable behavior and violent outbreaks.  (Doc. 47, at 3-4.)  Waters was transported to Mount Nittany Hospital where he was diagnosed with numerous contusions and bruises to his head and face, a fractured cheek bone, a fractured eye socket, and facial lacerations.  (Doc. 47, at 5.)

Waters alleges that Defendant Hartman was responsible for administering medication to

---

[1]At the request of plaintiff (Doc. 69), Defendant Hartman was substituted for the "Jane Doe" Defendant.  (Doc. 70.)

inmate Dealmaida. On the morning of January 30, 2004, Dealmaida allegedly informed Defendant Hartman that he was hearing voices and refused to take his medication because it was not helping him. (Doc. 47, at 3.) Waters contends that Hartman failed to take steps to remove him from the cell. Subsequently, Dealmaida assaulted Waters.

Specifically, Waters alleges in his amended complaint that Hartman "knew that inmate (FA8823) Dealmaida was refusing to take his medications on January 30, 2004, and that he was complaining of hearing voices which were red flags to any reasonable observer that there was a great risk that and [sic] assault against the plaintiff would occur[.] [T]heir failure to take the necessary steps to have the plaintiff removed from within the cell with inmate (FA-8823) Dealmaida further demonstrated a reckless indifference to the Plaintiffs [sic] pyphysical [sic] safety by their failure to take any precautions to abate the inmate-on-inmate assault which occurred, in further violation of the plaintiff's rights." (Doc. 47, at 5, ¶ 33.)

**II. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the Court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)

(stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847.

### III. Discussion

#### A. Failure-to-Protect Claim

To state a failure-to-protect claim under the Eighth Amendment, an inmate has the burden to show that a prison official had "know[n] of and disregard[ed] an excessive risk to inmate health or safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The Third Circuit has further held that the knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Id.; see also Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997). Such knowledge need not be proved by direct evidence, but rather can be inferred from "circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." Beers-Capitol, 256 F.3d at 133.

At this stage in the proceedings, Waters has set forth sufficient allegations in his amended complaint against Defendant Hartman sufficient to state an Eighth Amendment failure-to-protect

claim. Specifically, he has alleged that Hartman knew that Dealmaida's failure to take his medications would endanger Waters. Accordingly, the motion will be denied and this claim will proceed against Defendant Hartman.

### B. State Law Claims

The law is clear that employees of the Commonwealth of Pennsylvania acting within the scope of their duties are entitled to blanket immunity from liability for intentional tort claims under 1 Pa. Cons. Stat. § 2310, unless the conduct falls within one of the enumerated exceptions to sovereign immunity as set forth in 42 Pa. Cons. Stat. § 8522(b). Under Pennsylvania law, the defense of sovereign immunity shall not be raised to claims for damages caused by:

> (1) operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody or control of personal property in the possession or control of Commonwealth parties; (4) dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; (6) care, custody or control of animals in the possession of control of a Commonwealth party; (7) sale of liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of a toxoid or vaccine.

42 Pa. Cons. Stat. § 8522(b); Shoop v. Dauphin County, 766 F. Supp. 1327 (M.D. Pa. 1991), aff'd 945 F.2d 396 (3d Cir. 1991); LaFrankie v. Miklich, 618 A.2d 1145 (Pa. Commw. Ct. 1992).

Review of the state law tort claims against Hartman reveals that there is no doubt that he was acting within the scope of his duties and that no exception to sovereign immunity applies. Because he was acting within the scope of his duties as an employee of the Pennsylvania State Department of Corrections, and because none of the exceptions to 42 Pa. Cons. Stat. § 8522(b) apply in the instant circumstances, Hartman's motion to dismiss Waters's state law tort claims will be granted.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion will be denied in part and granted in part.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD WATERS,** | : | |
|     **Plaintiff,** | : | Civil Action No. 1:04-CV-2497 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **F.W. TENNIS, ET AL.,** | : | |
|     **Defendants.** | : | |

**ORDER**

    **AND NOW** this 22nd day of September 2006, **IT IS HEREBY ORDERED THAT**:

1. Defendant's motion to dismiss (Doc. 89) is GRANTED in part and DENIED in part.

2. The motion is granted with respect to the state law claims.

3. The motion is denied as to the Eighth Amendment failure to protect claim. Defendant shall file an answer or other appropriate pretrial motion within twenty days of the date of this order.

                                                        s/ Yvette Kane
                                                        Yvette Kane, Chief Judge
                                                        United States District Court
                                                        Middle District of Pennsylvania